## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ZACKERY GILBRIDE-WONDERLIN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| BEST CAR N' CARE, INC., WESTLAKE | : | NO.  2:23-cv-03946-MRP |
| SERVICES, LLC d/b/a WESTLAKE FINANCIAL | : | |
| SERVICES, CORSA MOTORS, LLC and F.C. | : | |
| KERBECK & SONS d/b/a LAMBORGHINI | : | **JURY TRIAL OF TWELVE DEMANDED** |
| PALMYRA, OLEG TYULENEV, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ANSWER OF DEFENDANT WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES, CROSS-CLAIMS AND JURY DEMAND

Defendant, Westlake Services, LLC d/b/a Westlake Financial Services (hereinafter "Westlake") hereby responds to Plaintiff's Second Amended Complaint as follows:

### AS TO INTRODUCTION

Denied.  This paragraph does not contain an allegation to which a response is required.  If a response is deemed necessary, Plaintiff's Second Amended Complaint is a writing that speaks for itself.  Westlake denies any and all liability to Plaintiff.  Westlake also denies that any conduct attributable to it is or was unconscionable,  fraudulent or "irreprehensible", either as alleged in the Second Amended Complaint or in any other manner whatsoever.  To the extent these allegations refer to Plaintiff's state of mind, no response is required.

I.   **AS TO THE PARTIES**

1.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

1

2.      Denied.   These allegations are conclusions of law to which no response is required.

3.      Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

4.       Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Westlake is aware that Best Car N' Care was an independently owned and operated used motor vehicle dealer with locations in Florida and New York.

5.      Denied in part, admitted in part.  It is admitted that Westlake is a limited liability company organized under the laws of the State of Delaware that conducts business in the Commonwealth of Pennsylvania.  The remaining allegations are conclusions of law to which no response is required.

6.      Denied as stated.   Westlake has a principal place of business located at 4751 Wilshire Blvd., #100, Los Angeles, California.

7.      Denied as stated.  Westlake is a consumer finance company engaged in the business of purchasing and servicing motor vehicle retail installment sales contracts.  Westlake is aware that Best Car N' Care was an independently owned and operated used motor vehicle dealer with locations in Florida and New York.

8.      Denied as stated.  Westlake is a consumer finance company engaged in the business of purchasing and servicing motor vehicle retail installment sales contracts.

9.      Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

10.      Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

11.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

12.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

13.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

14.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

15.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

16.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

17.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

## II.     AS TO JURISDICTION AND VENUE

18.     Denied.  Plaintiff's Second Amended Complaint is a writing that speaks for itself. Westlake denies any and all liability to Plaintiff.

19.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

20.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

21.     Denied.   These allegations are conclusions of law to which no response is required.

22.     Denied.  These allegations are conclusions of law to which no response is required. If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

23.     Denied.   These allegations are conclusions of law to which no response is required.

III.    **AS TO BACKGROUND**

24.     Denied.   To the extent these allegations refer to Plaintiff's state of mind, no response is required.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

25.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

26.     Denied.  To the extent these allegations refer to Plaintiff's state of mind, no response is required.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

27.     Denied.  To the extent these allegations are directed to parties other than Westlake, no response is required.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

28.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.   Plaintiff's "Exhibit A" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

29.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

30.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

31.     Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.

32.     Denied.  These allegations are conclusions of law, are directed to parties other than Westlake and to refer to Plaintiff's state of mind and, therefore, no response is required.

33.     Denied.  These allegations are directed to parties other than Westlake and to refer to Plaintiff's state of mind and, therefore, no response is required.

34.     Denied.  To the extent these allegations are directed to parties other than Westlake and constitute conclusions of law, no response is required.  Westlake is aware that Plaintiff purchased a 2013 Lamborghini Aventador bearing Vehicle Identification Number ZHWUC1ZD3DLA01341 (the "Aventador") from independently owned and operated motor vehicle dealer, defendant Best Car N' Care, Inc.  Plaintiff's "Exhibit B" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

35.     Denied.  Westlake is aware that Plaintiff purchased the Aventador from defendant Best Car N' Care, Inc. on or about March 25, 2022.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

36.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Any downpayment made by Plaintiff for the purchase of the Aventador was made to and retained by defendant Best Car N' Care, Inc.

37.     Denied.    Plaintiff's "Exhibit B" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

38.     Denied as stated.   Westlake purchased and serviced the Retail Installment Sales Contract and Security Agreement (the "Contract") for the Aventador.

39.     Denied.   To the extent that these allegations constitute conclusions of law, no response is required.  It denied that Westlake prepared the Contract.  Plaintiff's "Exhibit C" is a document that speaks for itself.  As to the remaining allegations, Westlake is without sufficient knowledge or information to form a belief as to their truth.

40.      Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

41.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

42.     Denied.  To the extent these allegations refer to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

43.     Denied.  To the extent these allegations are conclusions of law and refer to parties other than Westlake, no response is required.   The remaining allegations are denied as to Westlake.

44.     Denied.  To the extent these allegations are conclusions of law, no response is required.  It is denied that Westlake provided any warranty to Plaintiff for the Aventador.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.  Plaintiff's "Exhibit B" is a document that speaks

for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

45.   Denied.  It is denied that Westlake provided any warranty to Plaintiff or for the Aventador.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

46.   Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

47.   Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

48.   Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

49.   Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

50.   Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit E" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

51.   Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit D" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

52.   Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.

53.     Denied.     These allegations are directed to parties other than Westlake and, therefore, no response is required.   Plaintiff's "Exhibit E" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

54.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

55.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

56.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit D" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

57.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

58.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

59.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

60.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit F" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

61.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

62.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.   Plaintiff's "Exhibit G" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

63.     Denied.   These allegations are directed to parties other than Westlake and constitute conclusions of law and no response is required.

64.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and no response is required.

65.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit H" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

66.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

67.     Denied.   These allegations are directed to parties other than Westlake and refer to Plaintiff's state of mind, therefore, no response is required.

68.     Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit I" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

69.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

70.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

71.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

72.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

73.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

74.     Denied. These allegations are directed to parties other than Westlake and, therefore, no response is required.

75.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

76.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

77.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

78.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

79.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

80.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit J" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

81.     Denied.  To the extent these allegations are directed to parties other than Westlake and are conclusions of law, no response is required.   As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

82.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

83.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit J" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

84.     Denied.  To the extent these allegations are directed to parties other than Westlake and are conclusions of law, no response is required.   As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

85.     Denied.  These allegations are directed to parties other than Westlake and constitute are of law and, therefore, no response is required.

86.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.   Plaintiff's "Exhibit K" are photographs that speak for

themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

87.     Denied as to Westlake.

88.     Denied.   These allegations are directed to parties other than Westlake and refer to Plaintiff's state of mind and, therefore, no response is required.   Plaintiff's "Exhibit K" are photographs that speak for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

89.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

90.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

91.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

92.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

93.     Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

94.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

95.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

96.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

97.     Denied.   These allegations are directed to parties other than Westlake, are conclusions of law and refer to Plaintiff's state of mind and, therefore, no response is required.

98.     Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

99.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

100.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit L" are documents that speaks for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

101.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

102.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

103.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

104.     Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

105.     Denied.     These allegations are directed to parties other than Westlake and, therefore, no response is required.   Plaintiff's "Exhibit L" are documents that speaks for

themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

106.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

107.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit G" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

108.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

109.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

110.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.  Plaintiff's "Exhibit C" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

111.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.  Plaintiff's "Exhibit H" and "Exhibit J" are documents that speaks for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

112.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.  Plaintiff's "Exhibit L" are documents

that speaks for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

113.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

114.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

115.     Denied.  To the extent these allegations are directed to parties other than Westlake and are conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

116.     Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

117.     Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

118.     Denied.  To the extent these allegations are directed to parties other than Westlake and constitute conclusions of law, no response is required. As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

119.     Denied.  These allegations are conclusions of law and, therefore, no response is required.  Plaintiff's "Exhibit M" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

120.    Denied.  To the extent these allegations constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth and, therefore, they are denied and strict proof thereof is demanded.

121.    Denied.  To the extent these allegations are directed to parties other than Westlake and constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.  Plaintiff's "Exhibit M" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

122.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

123.    Denied.  To the extent these allegations are conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

124.    Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

125.    Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

126.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

127.    Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.

128.    Denied. These allegations are directed to parties other than Westlake and, therefore, no response is required.

129.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

130.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

131.    Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

132.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

133.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

134.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit N" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

135.    Denied.   These allegations refer to Plaintiff's state of mind and, therefore, no response is required.

136.    Denied.   These allegations are directed to parties other than Westlake, refer to Plaintiff's state of mind and are conclusions of law and, therefore, no response is required.

137.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit O" are document that speaks for itself and,

after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

138.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

139.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

140.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

141.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

142.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.   Plaintiff's "Exhibit L" are documents that speaks for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

143.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

144.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

145.    Denied.  To the extent these allegations are directed to parties other than Westlake and constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

146.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit L" are documents that speaks for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

147.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.   Plaintiff's "Exhibit L" are documents that speaks for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

148.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

149.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

150.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.  Plaintiff's "Exhibit L" are documents that speaks for themselves and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

151.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

152.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

153.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

154.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

155.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

156.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

157.    Denied.   To the extent these allegations refer to Plaintiff's state of mind, no response is required.  As to the remaining allegations,  after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.  Plaintiff's "Exhibit C" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

158.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

159.    Denied.

160.    Denied.  The Contract is a document that speaks for itself.

161.    Denied as to Westlake.

162.    Denied as to Westlake.

163.    Denied as to Westlake.

164.    Denied as to Westlake.  Defendant Best Car N' Car was an independently owned and operated automobile dealership.

165.    Denied as to Westlake.  Westlake purchased the Contract from defendant Best Car N' Care and serviced same. Plaintiff's "Exhibit P" is a document that speaks for itself.

166.     Denied as stated.   Westlake purchased the Contract for the Aventador from defendant Best Car N' Care and serviced same.

167.     Denied as stated.   Westlake purchased the Contract from defendant Best Car N' Care and serviced same.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth and, therefore, they are denied and strict proof thereof is demanded.

168.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

169.     Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.  Plaintiff's "Exhibit N" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

170.     Denied.

171.     Denied.

172.     Denied.

173.     Denied.

174.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

175.     Denied.

176.     Denied.  To the extent these allegations constitute conclusions of law, no response is required.  If a response is deemed necessary, Westlake refers Plaintiff to terms of the Contract and denies the remaining allegations in this paragraph.

177.    Denied.  These allegations are directed to parties other than Westlake and refer to Plaintiff's state of mind and, therefore, no response is required.

178.    Denied as stated.  It is admitted that Plaintiff stopped making payments to Westlake for the Aventador.

179.    Denied as stated.  It is admitted that Westlake picked up the Aventador from an impound lot.

180.    Denied.

181.    Denied as stated.  It is admitted that Westlake picked up the Aventador from an impound lot.

182.    Denied.

183.    Denied.  Plaintiff was informed and was aware that the Aventador was repossessed well before filing his Second Amended Complaint and accordingly, this allegation does not comply with Fed. R. Civ. Pro. 11(b)(4) and should be withdrawn and stricken from the Second Amended Complaint.

184.    Denied.  Westlake provided Plaintiff with a Notice of Intent following repossession on or around September 24, 2023.   Therefore, this allegation does not comply with Fed. R. Civ. Pro. 11(b)(4) and should be withdrawn and stricken from the Second Amended Complaint.

185.    Denied.

186.    Denied.  Westlake charged off the account on or around April 2023 and denies the remaining allegations are denied.

187.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit Q" is a

document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

188.    Denied.   Plaintiff's "Exhibit Q" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

189.    Denied.   Plaintiff's "Exhibit Q" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

190.    Denied.   Insofar as these allegations are directed to parties other than Westlake and are conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.   Plaintiff's "Exhibit R" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

191.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit R" is a document that speaks for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

192.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

193.    Denied.

194.    Denied as to Westlake.

195.    Denied as to Westlake.  It is specifically denied that Plaintiff is entitled to treble damages from Westlake.

196.    Denied as to Westlake.  It is specifically denied that Plaintiff is entitled to punitive damages from Westlake.

<u>**AS TO "FACTS OCCURRING AFTER THE FILING OF THE AMENDED COMPLAINT"**</u>

197.    Denied.

198.    Admitted.

199.    Admitted.

200.    Admitted.

201.    Denied.  Westlake issued a check payable to Plaintiff's attorneys of record in this lawsuit dated April 10, 2024 in the amount of $65,549.95 for the surplus received following its sale of the Aventador.   *See* Exhibit A.  Therefore, this allegation does not comply with Fed. R. Civ. Pro. 11(b)(4) and should be withdrawn and stricken from the Second Amended Complaint.

**IV.    <u>AS TO CAUSES OF ACTION</u>**

<u>**COUNT I**</u>

**BREACH OF WARRANTIES/VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT 15 U.S.C. § 2301, et. seq. (CONSUMER PRODUCT WARRANTIES)**

**Plaintiff v. Best Car N' Care, Inc. and Oleg Tyulenev**

202.    Westlake incorporates herein by reference its responses to the proceeding paragraphs.

203.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake, therefore, no response is required.

204.    Denied.  These allegations are conclusions of law and, therefore, no response is required.

205.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

206.   Denied.  These allegations are conclusions of law and, therefore, no response is required.

207(a)-(k), inclusive.  Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

208.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

209.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

210.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations..

211.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

212.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.   After reasonable investigation, Westlake is also without sufficient knowledge or information to form a belief as to the truth of these allegations.

213.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.   After reasonable investigation, Westlake is also without sufficient knowledge or information to form a belief as to the truth of these allegations.

214.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

215.    Denied.  These allegations are directed to parties other than Westlake, are conclusions of law and refer to Plaintiff's state of mind, and, therefore, no response is required.

216.    Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.  After reasonable investigation, Westlake is also without sufficient knowledge or information to form a belief as to the truth of these allegations.

217.    Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.  After reasonable investigation, Westlake is also without sufficient knowledge or information to form a belief as to the truth of these allegations.

218.    Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.  After reasonable investigation, Westlake is also without sufficient knowledge or information to form a belief as to the truth of these allegations.

219.    Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.  After reasonable investigation, Westlake is also without sufficient knowledge or information to form a belief as to the truth of these allegations.

220.    Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.  After reasonable investigation, Westlake is also without sufficient knowledge or information to form a belief as to the truth of these allegations.

221.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit K" are photographs that speak for themselves and, after reasonable investigation, Westlake is without

sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

222.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

223.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

224.    Denied. These allegations are directed to parties other than Westlake and, therefore, no response is required.

225.    Denied in part, admitted in part.  These allegations are directed to parties other than Westlake and, therefore, no response is required.   It is admitted that Westlake picked up the Aventador from an impound lot.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

226.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.  Plaintiff's "Exhibit L" is a document that speak for itself and, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

227.    Denied.

228.    Denied as to Westlake.

229.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

230.    Denied.   These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, or any other relief and Westlake demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

<u>**COUNT II**</u>

**FRAUD**

**Plaintiff v. Best Car N' Care, Inc. and Oleg Tyulenev**

231.    Westlake incorporates herein by reference its responses to the proceeding paragraphs.

232.    Denied.  These allegations are directed to parties other than Westlake and are conclusions of law and, therefore, no response is required.

233.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

234.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

235.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

236.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

237.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

Case 2:23-cv-03946-MRP   Document 39   Filed 10/03/24   Page 29 of 54

238.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

239.    Denied as stated.  Upon opening an account with Westlake, Plaintiff would have been provided with certain information, including an automatic payment option.

240(a)-(g), inclusive.  Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

241.    Denied.  It is denied that Westlake forged any document. As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

242.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

243.    Denied.  It is denied that Westlake is or was a "co-conspirator".   Westlake purchased the Contract from defendant Best Car N' Care and serviced same.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

244.    Denied.  It is denied that Westlake forged any document. Westlake purchased the Contract from defendant Best Car N' Care and serviced same.

245.    Admitted.

246.    Denied.  Albeit incomplete, this allegation is a conclusion of law and is directed to parties other than Westlake and, therefore, no response is required.

247.    Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.

248.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

249.    Denied.  To the extent these allegations are directed to parties other than Westlake and refer to Plaintiff's state of mind, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

250.    Denied.  These allegations refer to Plaintiff's state of mind and, therefore, no response is required.

251.    Denied.  These allegations refer to Plaintiff's state of mind and, therefore, no response is required.

252.    Denied.  These allegations refer to Plaintiff's state of mind and, therefore, no response is required.

253.    Denied.  To the extent these allegations are conclusions of law and are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

254.    Denied.  To the extent these allegations are conclusions of law and are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

255.    Denied.  These allegations are directed to parties other than Westlake and refer to Plaintiff's state of mind and, therefore, no response is required.

256.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

257.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

258.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

259.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

260.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same. Westlake specifically denies that Plaintiff is entitled to punitive damages from it.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake Services demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

31

## COUNT III

**CONVERSION OF CHATTEL**

**Plaintiff v. Best Car N' Care, Inc., Oleg Tyulenev, Corsa Motors, LLC and F.C. Kerbeck & Sons d/b/a Lamborghini of Palmyra**

261.    Westlake incorporates herein by reference its responses to the proceeding paragraphs.

262.    Denied as stated.  It is admitted that Plaintiff was the titled "owner" of the Aventador subject to Westlake's security interest and lien.

263.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

264.    Denied.  To the extent these allegations are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

265.    Denied.  To the extent these allegations are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

266.    Denied.  To the extent these allegations are conclusions of law and are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

267.    Denied.  To the extent these allegations are conclusions of law and are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

268.    Denied.  To the extent these allegations are conclusions of law and are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

269.    Denied.  To the extent these allegations are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

270.    Denied.  To the extent these allegations are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

271.    Denied.  To the extent these allegations are directed to parties other than Westlake, no response is required.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

272.    Denied in part, admitted in part.  To the extent these allegations are conclusions of law and are directed to parties other than Westlake, no response is required.  It is admitted that Westlake picked up the Aventador from an impound lot.  As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

273.    Denied as stated.  Westlake refers Plaintiff to para. 178 of his Second Amend. Complaint and Westlake's response thereto.

274.    Denied as stated.  It is admitted that Westlake ordered the repossession of the Aventador following Plaintiff's default under the Contract.

33

275.     Denied.   To the extent these allegations are directed to parties other than Westlake, no response is required. As to the remaining allegations, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to their truth.

276.     Admitted.

277.     Admitted.

278.     Denied.  These allegations constitute conclusions of law and, therefore, no response is required.

279.     Denied.    These allegations constitute conclusions of law and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

280.     Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

281.     Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

282.     Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same. Westlake specifically denies that Plaintiff is entitled to punitive damages from it.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake

demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

## COUNT IV

### VIOLATION OF PENNSYLVANIA'S
### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

#### Plaintiff v. Best Car N' Care, Inc. and Oleg Tyulenev

283.    Westlake incorporates herein by reference its responses to the proceeding paragraphs.

284.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

285.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

286.    Denied.  These allegations are directed to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

287.    Denied.  These allegations constitute conclusions of law and, therefore, no response is required.

288(a)-(d), inclusive.  Denied. These allegations are directed to parties other than Westlake and constitute conclusions of law and, therefore, no response is required..

289.    Denied. These allegations are directed to parties other than Westlake and constitute conclusions of law and, therefore, no response is required.

290.    Denied.  These allegations are conclusions of law and, therefore, no response is required.  If Plaintiff sustained any damages or losses, Westlake denies any and all liability for same.

291.     Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

292.     Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

293.     Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same. Westlake specifically denies that Plaintiff is entitled to punitive damages from it.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

## COUNT V

### PIERCING THE CORPORATE VEIL

### Plaintiff v. Best Car N' Care, Inc. and Oleg Tyulenev

294.     Westlake incorporates herein by reference its responses to the proceeding paragraphs.

295.    Denied as stated.  These allegations are directed to parties other than Westlake and, therefore, no response is required.  Westlake is aware that Oleg Tyulenev was the principal of Best Car N' Care, Inc.

296.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

297.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

298.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

299.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  Westlake is aware that Best Car N' Care, Inc. is out of business.

300.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

301.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake demands judgment in its favor and against Plaintiff on all claims asserted in his Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

## COUNT VI

**[*IT IS DENIED THAT*] DEFENDANT WESTLAKE HAS VIOLATED THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**

**Plaintiff v. Westlake Financial Services, LLC**

302.    Westlake incorporates herein by reference its responses to the proceeding paragraphs.

303.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

304.    Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

305.    Denied.  These allegations are conclusions of law and, therefore, no response is required.  It is admitted that Westlake are business in the Commonwealth of Pennsylvania.

306.    Denied as stated.  Westlake is a consumer finance company engaged in the business of purchasing and servicing motor vehicle retail installment sales contracts.

307.    Denied as stated. Westlake is aware that Best Car N' Care was an independently owned and operated used automobile dealer.

308.    Denied.  These allegations are conclusions of law and, therefore, no response is required.

309.    Denied.  These allegations are conclusions of law and, therefore, no response is required.

310.    Denied.  These allegations are conclusions of law and, therefore, no response is required.

311(a)-(j), inclusive.  Denied.

312.     Denied.

313.     Denied.

314.     Denied.

315.     Denied.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

**COUNT VII**

**NEGLIGENCE**

**Plaintiff v. Westlake Financial Services, LLC**

316.     Westlake incorporates herein by reference its responses to the proceeding paragraphs.

317.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

318.     Denied.  After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of these allegations.

319.     Denied.  These allegations are conclusions of law and, therefore, no response is required.  It is admitted that Westlake conducts business in the Commonwealth of Pennsylvania.

320.     Denied as stated.  Westlake is a consumer finance company engaged in the business of purchasing and servicing motor vehicle retail installment sales contracts.

321.   Denied as stated.  Westlake is aware that Best Car N' Care was an independently owned and operated used motor vehicle dealer.

322.   Denied.  These allegations are conclusions of law and, therefore, no response is required.

323.   Denied.  These allegations are conclusions of law and, therefore, no response is required.

324.   Denied.  These allegations are conclusions of law and, therefore, no response is required.

325.   Denied.

326.   Denied.

327(a)-(j), inclusive.  Denied.

328.   Admitted.

329.   Denied in part, admitted in part.  These allegations are conclusions of law and, therefore, no response is required.  It is admitted that Westlake issued a check payable to Plaintiff's attorneys of record in this lawsuit dated April 10, 2024 in the amount of $65,549.95 for the surplus received following its sale of the Aventador.  *See* Ex. A.

330.   Denied.  Westlake issued a check payable to Plaintiff's attorneys of record in this lawsuit dated April 10, 2024 in the amount of $65,549.95 for the surplus received following its sale of the Aventador.  *See* Ex. A.  Therefore, this allegation does not comply with Fed. R. Civ. Pro. 11(b)(4) and should be withdrawn and stricken from the Second Amended Complaint.

331.   Denied.

332.   Denied.

333.   Denied.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

## COUNT VIII

**DEFENDANT LAMBORGHINI OF PALMYRA RLEASED (sic) PLAINTIFF'S VEHICLE TO A PARTY WHICH WAS NOT THE TITLED OWNER OF THE VEHICLE**

### NEGLIGENCE

**Plaintiff v. F.C. Kerbeck & Sons d/b/a Lamborghini of Palmyra**

334.    Westlake incorporates herein by reference its responses to the proceeding paragraphs.

335.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

336.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

337(a)-(e), inclusive.   Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

338.    Denied as to Westlake.

339.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

.

340.   Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

341.   Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

342.   Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same. Westlake specifically denies that Plaintiff is entitled to punitive damages from it.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

## COUNT IX

### CIVIL CONSPIRACY

**Plaintiff v. Best Car N' Care, Inc., Oleg Tyulenev and Corsa Motors, LLC**

343.   Westlake incorporates herein by reference its responses to the proceeding paragraphs.

344.    Denied.  These allegations are conclusions of law and are directed to parties other than Westlake and, therefore, no response is required.

345.    Denied.   These allegations are directed to parties other than Westlake and, therefore, no response is required.

346.   Denied.  These allegations are directed to parties other than Westlake and, therefore, no response is required.

347.    Denied.   After reasonable investigation, Westlake is without knowledge or information to form a belief as to the truth of these allegations.

348    Denied.    These allegations are directed to parties other than Westlake and, therefore, no response is required.

349.    Denied.    These allegations are directed to parties other than Westlake and, therefore, no response is required.  After reasonable investigation, Westlake is also without knowledge or information to form a belief as to the truth of these allegations.

350.    Denied.    These allegations are directed to parties other than Westlake and, therefore, no response is required.  After reasonable investigation, Westlake is also without knowledge or information to form a belief as to the truth of these allegations.

351.    Denied.    These allegations are directed to parties other than Westlake and, therefore, no response is required.

352.    Denied.    These allegations are directed to parties other than Westlake and, therefore, no response is required.

353.    Denied as stated.  These allegations refer to Plaintiff's state of mind and, therefore, no response is required.    It is admitted that Westlake picked up the Aventador from an impound lot.

354.     Denied.  These allegations are conclusions of law and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

355.     Denied as stated.  To the extent these allegations refer to the state of mind of other parties, no response is required.  It is admitted that Westlake picked up the Aventador from an impound lot.  As to the remaining allegations, Westlake is without knowledge or information to form a belief as to their truth.

356.     Denied.  These allegations are conclusions of law and, therefore, no response is required.  If Plaintiff sustained any losses or damages, Westlake denies any and all liability for same.

**WHEREFORE**, defendant Westlake denies that Plaintiff is entitled to any judgment against it in any amount or any of the relief sought in his Second Amended Complaint, including but not limited to, costs, fees, interest, punitive damages or any other relief and defendant Westlake demands judgment in its favor and against Plaintiff on all claims asserted in his Second Amended Complaint, together with costs of suit, attorney's fees and/or any other relief deemed appropriate by this Honorable Court.

<u>**DEFENDANT, WESTLAKE'S DEFENSES**</u>

1.     Plaintiff has failed to state a cause of action upon which relief can be granted as to Westlake.

2.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, *res judicata* or unclean hands.

3.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or by the statute of frauds.

4.      The claims set forth in the Second Amended Complaint may barred by accord and satisfaction or by virtue of a release.

5.      The alleged losses, claims and damages suffered by the Plaintiff were caused by the acts or omissions of Plaintiff or other parties over which Westlake had no control or right of control.

6.      Plaintiff may have failed to timely and/or properly issue and serve the Summons and original Complaint.

7.      Westlake did not violate any legal duty owed by it to the Plaintiff, if any.

8.      Westlake did not violate or breach any statutory obligations or breach any contractual obligation(s) expressed, implied and/or arising by operation of law.

9.      Any conduct allegedly causing liability on the part of Westlake was not an actual cause or a proximate cause of Plaintiff's alleged injuries, damages and/or losses.

10.     The injuries, damages and/or losses allegedly sustained by Plaintiffs may have been caused entirely by, or contributed to by, the fraudulent or negligent acts and omissions of individuals and entities other than answering defendant which constitute intervening, superseding causes and/or constitute tortuous inference with a contract.

11.     Westlake generally denies each and every allegation contained in Plaintiff's Second Amended Complaint as it relates to its alleged liability.

12.     Plaintiff, entities and/or other persons not in the control of Westlake may be responsible for the destruction and/or spoliation of evidence resulting in prejudice to defendant in its ability to prepare a defense to the claims asserted against it in this lawsuit.

13.     Plaintiff's claims may be preempted in whole or in part by federal and/or state statutes and regulations.

14.     Plaintiff may have failed to mitigate his alleged damages.

15.     Westlake did not act with evil malic and/or intent, with disregard and reckless indifference, outrageously, maliciously, intentionally, willfully, fraudulently or negligently.

16.     Plaintiff may have failed to provide Westlake with proper notices as required under the Uniform Commercial Code.

17.     Any contract(s) provided speak for itself and Westlake hereby pleads the terms, conditions and any limitations contained in said contract(s) and that they were properly limited, disclaimed, excluded or modified.

18.     Plaintiff's Second Complaint fails to state a cause of action for punitive damages against Westlake.

19.     The imposition of punitive damages violates the United States Constitution and the Eighth Amendment guarantee against excessive fines.

20.     The imposition of punitive damages violates the Due Process Clause and the Equal Protection Clause of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

21.     Notwithstanding the fact that Westlake claims punitive damages are inapplicable, it avers that the evidence relative to punitive damages shall not be admissible in the compensatory damages proceedings and that a secondary trial/proceeding be conducted to determine whether punitive damages are to be awarded if a jury should award compensatory damages.

22.     Notwithstanding that Westlake claims punitive damages are inapplicable, if the trier of fact determines, in a secondary trial, that punitive damages should be awarded, then a third proceeding should be conducted to determine the amount of said damages.

23.     Plaintiff's claims may be barred, in whole or in part, by his repudiation of contractual obligations.

24.     Plaintiff's claims may be barred, in whole or in part, due to impossibility of performance.

25.     Plaintiff's claims may be barred, in whole or in part, for justification and under the equitable theories of equitable estoppel and/or quantum merit.

26.     Westlake may not be the holder in due course of the retail installment contract for the involved vehicle.

27.     Westlake pleads the arbitration clause in any applicable retail installment contract for the involved vehicle.

28.     Plaintiff may not have standing to bring the instant lawsuit because he failed to comply with the arbitration clause in the retail installment contract for the involved vehicle.

29.     Westlake pleads that its acts and practices complied with the rules and regulations of, and the statutes administered by, the federal trade commission or any official department, division, commission or agency of the United States as such rules, regulations or statutes as interpreted by the federal trade commission or such department, division, commission or agency or the federal courts.

30.     Westlake pleads all defenses and limitations available to it under the Truth in Lending Act, 15 U.S.C. §1601 *et seq*., including but not limited those set forth in §1640(b)-(d) and §1641.

31.     Westlake pleads the dealer agreement and/or assignment contract with defendant, Best Car N' Care, Inc. and states that such agreement(s) eliminates or diminishes the alleged liability of Westlake.

32.     Plaintiff's claims are barred because any alleged representations or conduct on the part of Westlake were made in good faith and were not intended to deceive Plaintiff.

33.     Westlake reserves the right upon completion of investigation and discovery to file such additional affirmative defenses, crossclaims or counterclaims as may be appropriate.

34.     To the extent Plaintiff's claims are based on fraud or fraudulent misrepresentation, such claims are barred because he has not pointed to any alleged representations and actions of Westlake that were material or otherwise likely to mislead consumers acting reasonably under the circumstances nor has she pointed to any alleged representations or actions of Westlake that did or were likely to either affect Plaintiff's decisions or to any conduct that proximately and/or actually caused her to act differently which is attributable to Westlake.

35.     Plaintiff's claims against Westlake are barred because any alleged conduct or actions on the part of Westlake was in good faith or was the result of a bona fide error.

36.     The damages allegedly suffered by Plaintiff were caused, in whole or in part, or exacerbated by his own negligence, fraudulent, improper, unlawful and/or culpable conduct or omissions and, accordingly, his claims are therefore barred or diminished in the proportion that such conduct or omissions bears to the total culpable conduct causing the alleged damages.

37.     Plaintiff may have failed to exercise ordinary care, caution, or prudence to avoid the damages complained of, and that such damages, if any, were directly and proximately contributed to and caused by her.

38.     Plaintiff may have breached the contract with Westlake and, as a result, Westlake has been excused of its duties to perform all obligations set forth in said contract.

39.     Westlake did not, intentionally or unintentionally, make any fraudulent or false representations to Plaintiff or omit any material facts.

40.     Westlake did not make or extent any warranties to Plaintiffs and did not breach any warranties.

41.     Plaintiffs' claims for an alleged violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law fails because he does not allege and cannot show Westlake committed a deceptive act or practice.

42.      Recovery for the losses and/or damages alleged in Plaintiff's Complaint may be barred and/or limited by the Pennsylvania Fair Share Act and/or the contributory and/or comparative negligence of plaintiffs pursuant to the Pennsylvania Comparative Negligence Act.

43.     Joint and/or several liability is unconstitutional and violates the United States Constitution and Pennsylvania Constitution, including but not limited to Westlake's rights to due process and equal protection of the law.  Further, several liability is an unconstitutional taking in light of apportionment under the Pennsylvania Comparative Negligence Act and/or the Pennsylvania Fair Share Act.

44.     Plaintiff's Second Amended Complaint fails to state of cause of action for negligence for failure to return surplus because the surplus was refunded to Plaintiff in April 2024 when Westlake issued a check payable to Plaintiff's attorneys of record in this lawsuit dated April 10, 2024 in the amount of $65,549.95 for the surplus received following its sale of the Aventador.    *See* Ex. A. Therefore, Plaintiff's negligence claim does not comply with Fed. R. Civ. Pro. 11(b)(4) and should be withdrawn and stricken from the Second Amended Complaint.

        **WHEREFORE**, defendant Westlake denies Plaintiff is entitled to any judgment against it for any damages in any amount and/or for attorney's fees, interest and/or costs and defendant Westlake demands judgment in its favor and against Plaintiffs on all claims asserted in his Second

Amended Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

## DEFENDANT WESTLAKE'S CROSSCLAIMS AGAINST DEFENDANTS, BEST CAR N' CARE, INC., OLEG TYULENEV, CORSA MOTORS, LLC AND F.C. KERBECK & SONS D/B/A LAMBORGHINI PALMYRA

**Count I – Contribution & Indemnification**

1.     Westlake hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiff's Second Amended Complaint and directs them to defendants, Best Car N' Care, Inc., Oleg Tyulenev, Corsa Motors, LLC and F.C. Kerbeck & Sons d/b/a Lamborghini Palmyra.

2.     Westlake hereby incorporates by reference herein its Answer to Plaintiff's Second Amended Complaint with Defenses, above.

3.     With liability being expressly denied, if Plaintiff suffered damages as alleged in his Second Amended Complaint, these damages were caused solely by the collective or individual violations of the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2301, *et seq.*, Pennsylvania Unfair Trade Practices and Consumer Protection Law and/or breach of warranty, fraud, negligence, conversion and/or civil conspiracy of defendants, Best Car N' Care, Inc., Oleg Tyulenev, Corsa Motors, LLC and F.C. Kerbeck & Sons d/b/a Lamborghini Palmyra, which are alone liable, solely liable, jointly and/or severally liable and/or liable over to defendant Westlake.

4.     If defendant Westlake is held liable to Plaintiffs for all or part of such losses or damages that they may have suffered, defendants, Best Car N' Care, Inc., Oleg Tyulenev, Corsa Motors, LLC and F.C. Kerbeck & Sons d/b/a Lamborghini Palmyra are liable to defendant, Westlake by way of contribution and indemnity, either by way of contract, common law or otherwise.

**WHEREFORE**, defendant Westlake Services, LLC d/b/a Westlake Financial Services demands judgment in its favor and against Plaintiff and defendants, Best Car N' Care, Inc., Oleg Tyulenev, Corsa Motors, LLC and F.C. Kerbeck & Sons d/b/a Lamborghini Palmyra, together with attorney's fees, costs of suit, and any other relief deemed appropriate by this Honorable Court.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38, Westlake Services, LLC d/b/a Westlake Financial Services demands a trial by a jury of twelve members.

**LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO**

Date:   October 3, 2024          By:      s/ *Howard W. Donahue, Jr.*

Howard W. Donahue, Jr., Esquire
190 N. Independence Mall West – Suite 500
Philadelphia, PA 19106
Telephone: (215) 627-0303
hdonahue@lavin-law.com
*Attorneys for Defendant,*
*Westlake Services, LLC d/b/a*
*Westlake Financial Services*

# Exhibit A

*Westlake Check No. 144281*



**<u>CERTIFICATE OF SERVICE</u>**

I, Howard W. Donahue, Jr., Esquire, counsel for defendant, Westlake Services, LLC d/b/a

Westlake Financial Services, do hereby certify that on the 3$^d$ day of October, 2024 I served a true

and correct copy of Defendant Westlake Services, LLC d/b/a Westlake Financial Services Answer

to Plaintiff's Second Amended Complaint with Affirmative Defenses, Crossclaims and Jury

Demand on the following counsel of record and unrepresented parties in the manners identified:

**This pleading was electronically filed using the ECF system and is available for downloading and viewing from the ECF system.**


/s/ *Howard W. Donahue, Jr.*
Howard W. Donahue, Jr., Esquire