IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ZACKARY GILDBRIDGE-WONDERLIN,<br><br>    Plaintiff,<br><br>  v.<br><br>BEST CAR N' CARE, INC., and<br><br>WESTLAKE SERVICES, LLC d/b/a WESTLAKE FINANCIAL SERVICES, and<br><br>CORSA MOTORS, LLC, and<br><br>F.C. KERBECK & SONS d/b/a LAMBORGHINI PALMYRA, and<br><br>OLEG TYULENEV,<br><br>    Defendants. | CIVIL ACTION<br>NO. 2:23-cv-03946-MRP |

DEFENDANT CORSA MOTORS, LLC'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(2) AND FED. R. CIV. P 12(b)(6) AND
TO DISMISS CROSSCLAIMS BY DEFENDANTS WESTLAKE SERVICES,
LCC AND FC KERBECK & SONS AGAINST DEFENDANT CORSA
<u>MOTORS PURSUANT TO FED. R. CIV. P 12(b)(2))</u>

Defendant Corsa Motors, LLC ("Corsa Motors") moves to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff's chosen venue, this honorable Court, the United States District Court for the Eastern District of Pennsylvania, cannot exercise personal jurisdiction over Corsa Motors. This Court lacks personal jurisdiction over Corsa Motors because: (1) Corsa Motors is not a Pennsylvania limited liability company; (2) Corsa Motors does not conduct business in Pennsylvania; (3) Corsa Motors does not otherwise purposefully avail itself to the rights and privileges of doing business in the

1

Commonwealth of Pennsylvania; (4) Corsa Motors does not maintain a place of business in the Commonwealth Pennsylvania; (5) Corsa Motors is not registered to do business in the Commonwealth of Pennsylvania and accordingly does not consent to this Court jurisdiction; (6) Corsa Motors's sole member is not a resident of the Commonwealth of Pennsylvania; and (7) the allegations against Corsa Motors are that it performed unauthorized repairs on a vehicle in New Jersey upon receiving the vehicle from a Florida-based third party (Defendant Best Car N' Care, Inc. ("Best Car")), after the vehicle overheated in New Jersey and the vehicle was transferred from another repair facility in New Jersey to Corsa Motors in Englewood, New Jersey. Accordingly, Corsa Motors did not expressly aim or target its conduct at the Commonwealth of Pennsylvania.

Furthermore, Supreme Court precedent is clear this Court must analyze Corsa Motors' contacts with Pennsylvania, not simply Corsa Motors' contacts with Plaintiff, who claims to be a Pennsylvania resident. The Supreme Court has distinguished between "specific jurisdiction" or "case-linked jurisdiction," which depends on an affiliation between the forum state and the underlying controversy, and "general jurisdiction," which allows for jurisdiction based on a defendant's forum connection unrelated to the suit, such as domicile. For specific jurisdiction, a defendant's suit-related conduct must create a substantial connection with the forum state. The relationship must arise out of contacts the defendant himself creates with the forum.

Here, Corsa Motors, a New Jersey business, was contracted by a Florida party to repair a vehicle in New Jersey. The vehicle is owned by a Delaware corporation with headquarters in California. Corsa Motors has no meaningful connections with Pennsylvania. Plaintiff's attempt to link Corsa Motors to Pennsylvania is based on attenuated relationships that do not establish jurisdiction. The facts show no contact between Corsa Motors and Pennsylvania that would

warrant this court's jurisdiction. Therefore, the court should dismiss the case for lack of personal jurisdiction.

Defendant Corsa Motors, LLC also moves to dismiss the cross-claims asserted against it as this Court similarly lacks personal jurisdiction over Corsa Motors to exercise jurisdiction over Defendant Westlake Financial Services, LLC's and F.C. Kerbeck & Sons' crossclaims for indemnification and contribution against Corsa Motors for contribution and indemnity. (*See* ECF Doc. Nos. 39 *and* 41.) Neither asserts any facts as to Corsa Motors and the Court's jurisdiction, or lack thereof, over it. (*See generally id*.) For the same reasons that the Court lacks personal jurisdiction over Corsa Motors as to Counts III and IX of the SAC, the Court similarly lacks jurisdiction over Corsa Motors as to the cross-claims. Because cross-claimants bear the burden to articulate facts supporting this Court's personal jurisdiction over Corsa Motors, this Court should dismiss the cross-claims for their failure to do so.

Dismissal is also warranted as to Count III (conversion) and Count IX (civil conspiracy) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff lacks standing under Count III to sue Corsa Motors for conversion because it is not the title holder. Even if Plaintiff had standing, this Court should dismiss the conversion claim against Corsa Motors because it is essentially a claim for damages arising out of a breach of contract. Under established law, a plaintiff cannot pursue tort claims, such as conversion, when the underlying issue is a contractual dispute. Courts have consistently ruled that where the pleadings show that a conversion claim is merely a damage claim for breach of contract, it must be dismissed. In this case, Plaintiff's allegations point to the breach of a warranty outlined in the Sales Contract rather than any tortious conduct by Corsa Motors. Specifically, the SAC explicitly ties the conversion claim to the Sales Contract's 60-day/2,000-mile powertrain warranty contained in the sales contract between Best Car and Plaintiff.

Plaintiff claims Corsa Motors took possession of the Lamborghini without his consent, pursuant to a misrepresentation by Best Car, that repairs would be made under the warranty. However, these allegations clearly relate to a contractual dispute between Plaintiff and Best Car over the warranty's terms and obligations, not an independent tort of conversion. Plaintiff is also suing Best Car for breach of this warranty, which further underscores that the conversion claim is rooted in a contractual disagreement.  Because Plaintiff's conversion claim is merely a repackaged breach of contract claim regarding the warranty in the Sales Contract, it should be dismissed. Courts regularly dismiss conversion claims at the pleading stage when they amount to nothing more than a request for damages for breach of contract. Accordingly, the Court should view Plaintiff's conversion claim as such and dismiss it for failure to state a claim upon which relief can be granted.

  Plaintiff has failed to establish a prima facie claim for civil conspiracy.  Without a viable conversion claim the civil conspiracy claim fails as a matter of law. The specific allegations in the SAC allege the car was transferred to Corsa Motors without Plaintiff's consent, based on misrepresentations regarding the warranty. However, this scenario does not support a claim for conversion, as the underlying issue pertains to the warranty obligations between Plaintiff and Best Car. Since Plaintiff is also pursuing a breach of contract claim against Best Car for the same warranty, it follows that the conversion claim is merely an attempt to seek damages for that breach. Therefore, the Court should dismiss the civil conspiracy claim for lack of a underlying conversion claim.

  The claim also fails for lack of any specificity.  Here, Plaintiff fails to allege any specific facts showing that Corsa Motors engaged in an agreement, common purpose, or overt act that would support a conspiracy claim. The allegations against Corsa Motors are mere conclusory statements without any particularity, which is required to state a civil conspiracy claim. Plaintiff's

vague assertions fall short of pleading the necessary facts, such as an agreement or overt act, and thus fail to establish a conspiracy under New Jersey law. The claim lacks the necessary details about who was involved, what actions were taken, and how Corsa Motors participated in any wrongful conduct. Moreover, Plaintiff misrepresents the facts concerning Corsa Motors' role in demanding a $15,000 deposit. Plaintiff's own exhibits clearly show that Best Car, not Corsa Motors, communicated the deposit demand to Plaintiff. Therefore, the conspiracy claim against Corsa Motors is unsupported by the facts, refuted by Plaintiff's own exhibits to the pleading, and should be dismissed along with the conversion claim.

Corsa Motors incorporates its Memorandum of Law and exhibits in support of the instant Motion as though fully set forth at length herein.

**WHEREFORE**, Corsa Motors requests that this Court grant its Motion and enter an Order in the form attached dismissing all of the claims asserted against it in this action with prejudice.

Respectfully submitted,

KAUFMAN DOLOWICH, LLP

By: */s/* Erik E. Sardiña
Erik E. Sardiña, Esquire
esardina@kaufmandolowich.com
(Admitted *pro hac vic*)
Eileen Monaghan Ficaro, Esquire
eficaro@kaufmandolowich.com
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Phone: (215) 501-7002
Fax: (215) 405-2973
*Attorney for Defendant Corsa Motors, LLC*

Dated: October 11, 2024