**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **JOHN ZACKARY GILBRIDGE-WONDERLIN** : | |
| : | |
| **v.** : | **CIVIL ACTION** |
| : | |
| : | |
| **BEST CAR N' CARE, INC.** : | **NO. 23-cv-03946** |
| **and** : | |
| **WESTLAKE SERVICES, LLC d/b/a** : | |
| **WESTLAKE FINANCIAL SERVICES** : | |
| **and** : | |
| **CORSA MOTORS, LLC** : | |
| **and** : | |
| **F.C. KERBECK & SONS d/b/a** : | |
| **LAMBORGHINI PALMYRA** : | |
| **and** : | |
| **OLEG TYULENEV** : | |

---

**MEMORANDUM OF LAW OF PLAINTIFF JOHN ZACKERY GILBRIDGE-
WONDERLIN IN OPPOSITION TO DEFENDANT CORSA MOTORS, LLC'S MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO
<u>FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12 (b)(6)</u>**

Counsel block

**REIDENBACH & ASSOCIATES, LLC**
Scott R. Reidenbach, Esquire
Melissa A. Anderson, Esquire
Devon Square 1
724 W. Lancaster Avenue, Suite 215
Wayne, PA 19087
(t) (610) 572-7075
(f) (484) 268-1791
(e) scott@reidenbachlaw.com
(e) melissa@reidenbachlaw.com

*Counsel for Plaintiff*
*John Zackary Gilbridge-Wonderlin*

## PRELIMINARY STATEMENT

This matter arises out of Plaintiff, John Zackary Gilbridge-Wonderlin's ("Plaintiff")

purchase of a 2013 Lamborghini Aventador (the "Lamborghini") from Defendant, Best Car N'

Care, Inc. ("Best Car"), which acted through its principal, Defendant Oleg Tyulenev

("Tyulenev"). These defendants engaged in the fraudulent advertisement and sale of the

Lamborghini, making specific material misrepresentations as to the condition of the car, the

financing of same, and its warranty. On his first drive after purchasing the car, Plaintiff was

almost seriously injured as the vehicle nearly caught fire due to numerous open recalls and

serious engine issues which remained in disrepair. What followed was a series of misconduct by

Defendants Best Car, Tyulenev and, *inter alia*, Corsa whereby these defendants engaged in a

conspiratorial scheme to deprive Plaintiff of his right to the Lamborghini and hold it for ransom

at Defendant Corsa's unauthorized repair facility in Engelwood, N.J.

Defendant Corsa Motors LLC has filed the instant Motion to Dismiss for lack of personal

jurisdiction and failure to state a claim as to the causes of action for conversion and civil

conspiracy alleged against it in the Second Amended Complaint. The Court should deny Motion

in its entirety for the following reasons.

First, rather than dismiss Defendant Corsa for lack of personal jurisdiction, the Court

should transfer this action to the U.S. District Court for the District of New Jersey, which

unquestionably has jurisdiction over Defendant Corsa, pursuant to 28 U.S.C. § 1404(a). This

transfer would be more convenient for the parties, promote the interests of justice by eliminating

the need for jurisdictional discovery or piecemeal litigation between the parties—Defendants

Lamborghini Palmyra and Westlake also have cross-claims asserted against Defendant Corsa,

and ensure the just, speedy, and inexpensive resolution of this civil action.  All of the represented parties have consented to such a transfer.

Second, Plaintiff has more than plausibly alleged claims for conversion and civil conspiracy against Defendant Corsa.  As more fully discussed in factual detail herein, the allegations in the Second Amended Complaint establish that Defendant Corsa willingly and intentionally violated New Jersey regulations concerning the repair of motor vehicles in disassembling the Lamborghini without first providing Plaintiff with a written estimate or written authorization of the cost or performance of repairs as part of its conspiracy with Defendants Best Car and Tyulenev.  Then, Defendant Corsa either continually promised that the car would be repaired in six to eight weeks or, alternatively, refused to respond to communications from Plaintiff and his requests to obtain his vehicle.  These actions deprived Plaintiff of his immediate right to possess the Lamborghini and were also overtly done in concert with the acts of Defendants Best Car and Tyulenev.  Plaintiff details these factual allegations *infra*.

For the reasons set forth herein, Defendant Corsa's Motion to Dismiss must be denied in its entirety.

## **PROCEDURAL HISTORY**

Plaintiff John Zackary Gilbridge-Wonderlin initiated this civil action by filing a complaint on October 12, 2023.  ECF No. 1.  All parties were properly served with original process.  ECF Nos. 4–7.  After further factual developments, Plaintiff filed the operative Second Amended Complaint, ECF No. 37, on September 21, 2024, against Defendants Best Car n'Care Inc. ("Best Car"), Oleg Tyulenev ("Tyulenev"), Westlake Financial Service LLC ("Westlake"), F.C. Kerbeck & Sons/Lamborghini Palmyra ("F.C. Kerbeck" or "Lamborghini Palmyra"), and Corsa Motors LLC ("Corsa").

Relevant to Defendant Corsa's Motion to Dismiss, Plaintiff alleges that Corsa engaged in conversion of Plaintiff's Lamborghini and a civil conspiracy along with Co-Defendants Best Car and Tyulenev.  *See* ECF No. 37 at 40 (Count III – Conversion of Chattel), (Count IX – Civil Conspiracy).  Defendants Westlake and F.C. Kerbeck answered the Second Amended Complaint, with each asserting cross-claims against Defendant Corsa.  ECF Nos. 39, 41.  Defendants Best Car and Tyulenev failed to answer the Second Amended Complaint.  Plaintiff intends to seek a default judgment against those defendants.

Defendant Corsa filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) and Failure to State a Claim as to the causes of action for conversion and civil conspiracy pursuant to Rule 12(b)(6).  ECF No. 42.  The represented parties engaged in numerous discussions regarding resolving Corsa's personal jurisdiction objection to minimize motions practice as well as streamline the issues for this Court's disposition, which necessitated stipulations to extend the time for Plaintiff to oppose the Motion.  *See* ECF No. 53.  Plaintiff files the instant memorandum of law to oppose the Motion to Dismiss as to the causes of action for conversion and civil conspiracy and to resolve the Motion to Dismiss as to the issue of personal jurisdiction by requesting a transfer of this action to the U.S. District Court for the District of New Jersey.

## **FACTUAL BACKGROUND**

In January 2022, Plaintiff began to investigate the possibility of realizing his long-time dream to own a Lamborghini.  ECF No. 37, Second Amended Complaint ("SAC"), ¶ 24.  Like many consumers, Plaintiff consulted online advertisements "including vehicles for sale by private owners and dealerships."  *Id.*, ¶ 25.  One vehicle caught his eye:  a "2013 Lamborghini Aventador (the "Lamborghini") . . . advertised for sale on the Internet by Defendant Best Car"

because "Best Car's advertisement represented that the Lamborghini had no new issues, had

never been in any accidents, had a clean CarFax report, and a perfect high score AutoCheck."

SAC, ¶¶ 26–27.  The advertisement, which is attached as Exhibit A to the Second Amended

Complaint, further provides:

> GORGEOUS 2013 LAMBORGHINI AVENTADOR WITH
> 13257 ORIGINAL MILES. AMAZING SUPER RARE MOST
> WANTED NERO NEMESSIS MATTE FINISH OVER NERO
> ADE PREMIUM LEATHER INTERIOR, FULLY LOADED
> AVENTADOR, NO NEW ISSUES. NEVER BEEN IN ANY
> ACCIDENTS, CLEAN CARFAX REPORT, PERFECT HIGH
> SCORE AUTOCHECK.

*Id.*, ¶ 28.  To entice and induce Plaintiff to purchase the Lamborghini, Defendant Best Car

represented to Plaintiff that the purchase would include a 60 day/2,000-mile Powertrain

Warranty.  *Id.*, ¶ 29.  Based on the various representations made by Defendant Best Car, Plaintiff

elected to purchase this Lamborghini, and on March 16, 2022, Plaintiff and Defendant Best Car

entered into a contract for its purchase.  *Id.*, ¶ 30.

The total purchase price of the Lamborghini was $328,814.00, itemized as follows:

| Line Item | Cost ($) |
| --- | --- |
| Vehicle Price | $299,900.00 |
| Accessories | $495.00 |
| State Tax | $23,992.00 |
| Dealer's Optional Fee for Processing Application | $1,000.00 |
| License/Registration Fee (Estimate) | $677.00 |
| Plate Fee | $250.00 |
| Processing Fee (Paid to Lender) | $2,500.00 |
| TOTAL CASH PRICE: | $328,814.00 |

*Id.*, ¶ 35.  Plaintiff paid a substantial $190,000 down payment, and financed the remainder through Defendant Westlake Financial.  *Id.*, ¶¶ 36–43.[1]

Thereafter, the vehicle was titled and registered in Plaintiff's name, and was delivered to Plaintiff on October 9, 2022.  *Id.*, ¶¶ 46, 68.  Plaintiff drove it for the first time on April 14, 2022.  *Id.*, ¶ 47.  The results of that first drive were nearly catastrophic:  the vehicle almost caught on fire.  *Id.*, ¶ 47.  Fortunately, Plaintiff was not injured and was able to pull his car off to an area just before the bridge from New Jersey into Philadelphia.  *Id.*, ¶ 49.  The Lamborghini was towed to nearby Lamborghini Palmyra, the **only** Lamborghini authorized service department in New Jersey, where the service department advised Plaintiff of significant open recalls on the vehicle that required immediate attention:

- Pipe Insulation Update;
- Fuel Sticker Application;
- Installation of Water Expansion Tank;
- Aggiornamento Sofware Motore;
- Replacement of E-Gear Pump Relay;
- Application of a Label on the Owners Handbook; and
- Cold Junction Repositioning.

*Id.*, ¶ 53.  In addition, Lamborghini Palmyra advised Plaintiff that there was a serious issue with the Lamborghini which caused coolant to leak into the engine.  *Id.*, ¶ 59.  According to the estimate provided by Lamborghini Palmyra, it would cost $133,463.26 to repair the vehicle so it could be safely driven.  *Id.*, ¶ 62.  All documentation from Lamborghini Palmyra regarding the open recalls and cost to repair the vehicle so that it could be safely driven are attached to the Second Amended Complaint as exhibits.  *See* ECF No. 37.

---

[1] Further details regarding the financing of the Lamborghini and Defendant Westlake's misconducted resulting therefrom can be found in the Second Amended Complaint but are not dispositively relevant to the instant motion filed by Defendant Corsa and are not realleage for brevity.

Plaintiff reported the issues with the Lamborghini to Defendant Best Car on the same day they happened, April 14, 2022, and advised that he would provide Defendant Best Car with the necessary estimates, etc. for the repairs to occur under the warranty provided. *Id.*, ¶ 51, 54–55. Defendant Best Car reassured Plaintiff that it would take care of the repairs under warranty:

> Good afternoon. Please save all the receipts all the estimates all the reports that have to do with the repairs of your car. We will take care of any issues that you are experiencing with your car my brother. Please make sure to save all documents and forward these documents such estimates, reports, proof of payments, receipt. Ian (sic) waiting to hear from you and the status on your beautiful car.

*Id.*, ¶ 56. *See also id.*, ¶ 60. Plaintiff provided the estimates for repairs to Defendant Best Car and stated that he wanted the repairs to be performed at Lamborghini Palmyra (the only authorized service department for Lamborghinis in New Jersey). *Id.*, ¶ 66. Alternatively, Plaintiff offered to return the vehicle in its current state to Defendant Best Car in exchange for a similar Lamborghini as a replacement. *Id.*, ¶ 65.

Unfortunately for Plaintiff, his dream of owning a Lamborghini continued to devolve into a nightmare through the actions of all Defendants. First, Defendant Lamborghini Palmyra without any authorization, released the Lamborghini from its possession to Defendant Best Car, despite Best Car not being the titled or registered owner of the vehicle. Put another way, Defendant Lamborghini Palmyra released a vehicle that had just been purchased for over $300,000 to a stranger without any proof of ownership or other authority of right of possession thereto. *Id.*, ¶ 68, 71. And, despite being its registered owner and the customer who had the vehicle towed to the Lamborghini Palmyra service department, "Defendant Lamborghini Palmyra never contacted Plaintiff, the titled owner of the Lamborghini, to confirm that Plaintiff had authorized Defendant Best Car to take possession of his vehicle." *Id.*, ¶ 72. Of course,

Plaintiff had no knowledge of this unlawful release and transfer, and was thus powerless to stop it, until he received a text message from Best Car as follows:

> Hey. I am picking it up. I will get the car fixed at a fraction of this estimate. I will cover all the expanses (sic) of course including the transportation. I have all estimate from these folks that I need to get this car right. You will get warranty on all of these things. I am sorry you are going through this. I will take care of this no worries.

*Id.*, ¶ 69. *See also id.*, ¶ 73.

As part of its scheme and conspiracy, Defendant Best Car had the Lamborghini transported to a car mechanic in Engelwood, New Jersey (hours away from Plaintiff), to Defendant Corsa, where the car was held hostage from Plaintiff in a disassembled state. After the car's transfer to Defendant Corsa, Defendant Best Car changed its tune regarding the warranty, demanding that Plaintiff would need to pay Defendant Corsa for the repairs. *Id.*, ¶¶ 75, 77. Plaintiff <u>never</u> agreed to allow Defendant Corsa to make any repairs to the Lamborghini. *Id.*, ¶ 81. In fact, he repeatedly contacted Defendants Corsa and Best Car in this regard, however his pleas were ignored, even though he was the rightful titled owner of the Lamborghini. *Id.*

As Plaintiff alleges in the Second Amended Complaint, Defendants Best Car and Corsa were complicit co-conspirators in a fraudulent scheme to deprive Plaintiff of the necessary repairs covered under the Warranty for their own personal benefit and gain, seeking to unjustly enrich themselves. *Id.*, ¶ 82. As part of the conspiracy, Defendant Corsa demanded a deposit of $15,000.00 before any repairs would commence on the Lamborghini while simultaneously failing to provide Plaintiff with a written estimate itemizing the nature and costs of the repairs to be performed by Corsa. *Id.*, ¶¶ 83, 84. Further, Defendant Corsa failed to obtain authorization from Plaintiff consenting to the proposed nature and costs of the repairs before it commenced work on the Lamborghini. *Id.*, ¶ 85. These actions directly violate New Jersey regulations for the repair of motor vehicles.

In furtherance of their conspiracy, Defendants Corsa and Best Car elected to disassemble the engine in Plaintiff's Lamborghini to extort monies from Plaintiff, prevent its release to another repair facility, and deprive him of the ownership of the vehicle. *Id.*, ¶ 86.  Plaintiff never authorized the disassembly of the Lamborghini by Corsa—he wanted Lamborghini Palmyra to perform the repairs—and Corsa never received his authorization to do so.  Of course, evidence of the conspiracy can be inferred from the actions taken by and between Defendants Corsa and Best Car, as Corsa willingly elected to violate New Jersey regulations[2] in the performance of motor vehicle repair by initiating repairs directed by non-owner Defendant Best Car.  The unauthorized disassembly of the engine in Plaintiff's Lamborghini had the same chilling effect as though his vehicle had been carjacked at gunpoint in broad daylight. *Id.*, ¶ 87.  Either way, Plaintiff was robbed, and his vehicle stolen. *Id.*  To further coerce Plaintiff into paying monies in furtherance of their conspiratorial scheme, Defendants sent Plaintiff photographs of his disassembled vehicle. *Id.*, ¶ 86.

Defendant Corsa, in lockstep with its Co-Conspirator, Defendant Best Car, continued to mislead Plaintiff as to the status of the alleged repairs to the Lamborghini. *Id.*, ¶ 95.  On those rare occasions when someone at Corsa would speak with Plaintiff, he was always told that the repairs would be done in about six to eight weeks.[3] *Id.*, ¶ 90.  Those repairs, however, were

---

[2] *See* N.J.A.C. § 13.45A-26C.2.  Corsa blatantly violated the New Jersey Automotive Repair Regulations by failing to obtain written authorization signed by Plaintiff stating the nature of the repair requested or problem presented; by failing to provide Plaintiff with a detailed written estimate setting forth the estimated cost of repair; and by failing to obtain Plaintiff written authorization before commencing repairs.

[3] Discovery will demonstrate that Plaintiff repeatedly contacted Defendant Corsa regarding the status of his car and when he could obtain it, and on the majority of the occasions, Plaintiff was ignored.

never made. *Id.*, ¶ 91. Despite his best efforts, Plaintiff was never able to ascertain the status of his Lamborghini from Defendant Corsa. *Id.*, ¶ 94.

In or about March 2023—almost a year after the Lamborghini had been transported wrongfully to Defendant Corsa, it became readily obvious to Plaintiff that he was never going to get his vehicle back from Defendant Corsa. *Id.*, ¶ 177. Plaintiff advised Defendant Westlake that it was no longer feasible for him to keep making payments on the Lamborghini and a voluntary repossession was agreed upon. *Id.*, ¶¶ 178, 179. After some time, Defendant Westlake was ultimately able to obtain possession of the vehicle from Defendant Corsa. *Id.*, ¶¶ 181–182, 198.

Plaintiff has been significantly damaged monetarily and otherwise from Defendants' individual, collective, and conspiratorial conduct. First, Plaintiff only received $65,549.95 in proceeds from the auction of the Lamborghini despite it being worth over $300,000 and with Plaintiff having made a $190,000 down payment on the car. *Id.*, ¶ 200. Second, Plaintiff has been deprived of the possession, ownership, and enjoyment of his dream car. Third, the actions of Defendants have caused Plaintiff's credit to plummet, and he is now unable to provide refinancing of balloon mortgages for investment properties which he owns. *Id.*, ¶ 193.

## STANDARD OF REVIEW

"To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Twomby*, 550 U.S. at 556). To determine whether a plaintiff has stated a plausible claim, the court must view the complaint in the light most favorable

to the plaintiff and considers only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 20 (3d Cir. 2020). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## ARGUMENT

**I.** **The Court Should Deny Defendant Corsa's Motion To Dismiss Itself As A Party For Lack of Personal Jurisdiction And Instead Transfer This Action To The District Of New Jersey Pursuant To § 1404(a), Where This Action Could Have Originally Been Brought, For The Convenience Of The Parties And In The Interests Of Justice.**

Although Plaintiff asserts that the allegations contained in the Second Amended Complaint are sufficient to confer personal jurisdiction over Defendant Corsa in Pennsylvania, in order to avoid further costly motions practice and jurisdictional discovery, Plaintiff consents to the transfer of this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a), where there is unquestionable personal jurisdiction over Defendant Corsa, which operates in Engelwood, New Jersey. Counsel for all represented parties have agreed not to contest such a transfer. Plaintiff, however, cannot request a transfer by consent or stipulation from all parties pursuant to § 1404(b)[4] because *pro se* Defendants Best Car and Tyulenev, its principal, have been unresponsive in this litigation and service of documents to them have been returned to sender.

Title 28, section 1404(a) of the United States Code provides, in pertinent part, that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Here, many of the operative facts of the Second Amended Complaint are alleged to have occurred in New Jersey, including the Lamborghini's breakdown in New Jersey,

---

[4] "Upon motion, consent or stipulation of <u>all</u> parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b) (emphasis added).

transfer to F.C. Kerbeck/Lamborghini Palmyra in Palmyra, New Jersey, and transfer to Corsa Motors in Engelwood, New Jersey, rendering venue alternatively proper in the District of New Jersey. *See* 28 U.S.C. § 1391(b)(2) (providing venue proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Personal jurisdiction exists in New Jersey over all defendants as well. "Personal jurisdiction can be either general jurisdiction or specific jurisdiction." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). General jurisdiction exists when a defendant's contacts with the forum state are "so continuous and systematic as to render [it] essentially at home [there]." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction exists when a plaintiff's claim arises out of a defendant's forum-related activities such that the defendant "should reasonably anticipate being hauled into court there." *Vetrotex Certainteed Corp. v, Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Defendants Corsa and F.C. Kerbeck/Lamborghini Palmyra both operate out of facilities in New Jersey. *See* ECF No. 37, ¶¶ 9, 11. Defendant Westlake operates and provides financing nationally, including in the State of New Jersey. *See*, *e.g.*, https://autoloan.westlakefinancial. com/cars (providing financing to cars sold through dealerships in New Jersey). Defendants Best Car and its principal, Tyulenev, engaged in specific contacts with the State of New Jersey through their actions, communications, and misconduct as alleged in the Second Amended Complaint. These defendants engineered this fraud and in so doing, actively engaged in contacts in New Jersey regarding the provision of warranty services in New Jersey, directing the transportation of the Lamborghini throughout the State of New Jersey from Lamborghini Palmyra to Corsa Motors, and communicating with parties in New Jersey concerning the facts operative to the causes of action

contained in the Second Amended Complaint.  There can be no dispute, therefore, that personal jurisdiction exists over all defendants in New Jersey.[5]

A transfer of this civil action to the District of New Jersey rather than the potential dismissal of Defendant Corsa or the costly and lengthy process of jurisdictional discovery would further the interests of justice as required by § 1404(a) as well as further the purpose of the Federal Rules of Civil Procedure to ensure "the just, speedy, and inexpensive determination of every action and proceeding."  *See* 28 U.S.C. § 1404(a) ("in the interest of justice"); Fed. R. Civ. P. 1 (The Rules are to be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

First, a transfer of this action would be as convenient for or more convenient than litigating in this instant district.  Defendants F.C. Kerbeck/Lamborghini Palmyra, Corsa, and Westlake all operate and conduct business in New Jersey.  In fact, both F.C. Kerbeck and Corsa are domiciled there.  As to *pro se* Defendants Best Car and Tyulenev, the District of New Jersey is no less convenient than the Eastern District of Pennsylvania, and may be more convenient as it is closer to Tyulenev's residence in Brooklyn, NY, and Best Car's former operations, also in Brooklyn, NY.

Second, the interests of justice weigh in favor of a transfer.  Dismissal of Defendant Corsa from this litigation would require Plaintiff to engage in piecemeal litigation in two separate forums and also jeopardize its civil conspiracy claim against Defendants Best Car and Tyulenev, who would presumably remain in this action.  It would also jeopardize the cross-claims alleged against Defendant Corsa by the remaining defendants, all of which would need to be dismissed and refiled in another jurisdiction, creating more piecemeal litigation.  *See* ECF Nos. 39 (answer of Defendant

---

[5] A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

Westlake asserting cross-claims against Defendant Corsa); 41 (answer of Defendant F.C. Kerbeck/Lamborghini Palmyra asserting cross-claims against Defendant Corsa).

Third, engaging in jurisdictional discovery would be expensive for the parties and needlessly prolong the resolution of this matter.

For these reasons, in conjunction with Federal Rule of Civil Procedure 1's mandate that the rules be construed to ensure the "just, speedy, and inexpensive determination of every action," the Court should deny the Motion to Dismiss for lack of personal jurisdiction and transfer this action pursuant to § 1404(a) to the U.S. District Court for the District of New Jersey.

## II.    The Court Should Deny Defendant Corsa's Motion To Dismiss Pursuant To Rule 12(b)(6) Because Plaintiff Has Plausibly Alleged A Claim For Conversion Against Defendant Corsa Motors.

The Court should deny Defendant Corsa's motion to dismiss the claim for conversion because Defendant Corsa deprived Plaintiff—the owner of the vehicle—of his immediate right to possess the Lamborghini by disassembling the Lamborghini and refusing to release it to Plaintiff.

Pennsylvania law defines conversion as "the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification." *Paves v. Corson*, 765 A.2d 1128, 1134 (Pa. Super. Ct. 2000) (quoting *Brinich v. Jencka*, 757 A.2d 388, 403 (Pa. Super. Ct. 2000)).  An essential element of a conversion claim is that the plaintiff "had actual or constructive possession of a chattel or an immediate right to possession of a chattel at the time of the alleged conversion." *Chrysler Credit Corp. v. Smith*, 643 A.2d 1098, 1100 (1994).  Among the ways a person may incur liability for conversion is by "[u]nreasonably withholding possession from one who has the right to it." *Martin v. National Sur. Corp.*, 262

A.2d 672, 675 (Pa. 1970).  The elements for a cause of action for conversion under New Jersey law are substantially similar.[6]

Here, Defendant Corsa disassembled and retained possession of the Lamborghini without the consent of Plaintiff—the rightful owner—and without other justification.  Plaintiff was the registered and titled owner of the Lamborghini and had an immediate right to possession of the car[7] during the entire time the Lamborghini was withheld by Defendant Corsa at its facility in New Jersey.  Defendant Corsa had no right to retain the vehicle, perform any repairs to it, or demand that Plaintiff pay it any money for repairs or otherwise because Defendant Corsa did not obtain Plaintiff's written authorization for cost or performance of any repairs and never provided Plaintiff with a written estimate, in violation of New Jersey regulations.  Further, Defendant Corsa's disassembly of the vehicle effectively converted it by rendering it useless and undriveable.

For these reasons, as will be more fully developed factually during discovery, Plaintiff has plausibly alleged a cause of action for conversion against Defendant Corsa, whose Motion to Dismiss as to Count III in the Second Amended Complaint should be denied.

---

[6] In New Jersey, common law conversion is defined as "'the exercise of any act of dominion in denial of another's title to . . . chattels, or inconsistent with such title.'"  *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d 508, 525 (D.N.J. 1999) (quoting *Mueller v. Technical Devices Corp.*, 8 N.J. 201, 207, 84 A.2d 620 (N.J. 1951).  "The elements of conversion in New Jersey are: '(a) that the property and right to immediate possession thereof belong to the plaintiff; and (b) the wrongful act of interference with that right by the defendant.'" *Davis v. Connolly*, No. 09-cv-4629 (D.N.J. Feb. 11, 2010) (quoting *First National Bank v. North Jersey Trust Co.*, 14 A.2d 765, 767 (N.J. 1940)).

[7] That the car was financed by Westlake is immaterial to Plaintiff's conversion claim as Plaintiff undoubtedly had an immediate right to possession of the car.

III.    **The Court Should Deny Defendant Corsa's Motion To Dismiss Pursuant To Rule 12(b)(6) Because Plaintiff Has Plausibly Alleged A Claim For Civil Conspiracy Against Defendant Corsa Motors.**

The Court should deny Defendant Corsa's Motion to Dismiss the claim for civil conspiracy because Plaintiff has plausibly alleged and such can be reasonably inferred by the allegations in the Second Amended Complaint that Defendants Best Car, Tyulenev, and Corsa engaged in a conspiracy whereby Defendants Best Car and Tyulenev had Plaintiff's Lamborghini transported without authorization to Defendant Corsa's non-authorized repair facility, where the Lamborghini was disassembled and effectively held for ransom despite the car's warranty.

"To prove a civil conspiracy under Pennsylvania law, a plaintiff must show the following elements: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *SNA, Inc. v. Array*, 51 F. Supp. 2d 554, 560 (E.D. Pa. 1999) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987–88 (Pa. Super. Ct. 1997), and *Skipworth v. Lead Indus. Ass'n, Inc.*, 690 A.2d 169, 174 (Pa. 1997). A cause of action for civil conspiracy in New Jersey contains substantially the same elements.[8]

First, Plaintiff has alleged that two or more defendants—here Defendants Best Car, Tyulenev, and Corsa, combined to deprive Plaintiff of the benefits of his warranty and the possession of his Lamborghini.  The benefits to each member of the conspiracy were clear: Defendant Best Car could avoid spending money to have the Lamborghini repaired at an authorized Lamborghini repair facility, and Defendant Corsa would benefit by receiving money

---

[8] To state a claim for civil conspiracy in New Jersey, a plaintiff must allege: a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong or injury upon another. *See Banco Popular North America v. Gandi*, 184 N.J. 161, 177, 876 A.2d 253 (2005).

as demanded from Plaintiff to repair the Lamborghini despite not being an authorized repair facility.  Second, Defendant Corsa's overt actions in furtherance of this conspiracy are plausibly established by Defendant Corsa taking possession of the vehicle from non-owner Defendant Best Car, violating the New Jersey regulations on motor vehicle repairs by failing to provide Plaintiff with a written estimate or his written authorization for the cost of and performance of the repairs, disassembling Plaintiff's Lamborghini thus rendering it useless without Plaintiff's permission, demanding $15,000 from Plaintiff, and failing to communicate or release the vehicle to Plaintiff. It is reasonable to infer that Defendant Corsa would only engage in such nefarious and unlawful acts in furtherance of a conspiracy from which it would benefit.

For these reasons, as will be more fully developed factually during discovery, Plaintiff has plausibly alleged a cause of action for civil conspiracy against Defendant Corsa, whose Motion to Dismiss as to Count III in the Second Amended Complaint should be denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant Corsa Motors' Motion to Dismiss Counts III and IX of the Second Amended Complaint, deny Defendant Corsa Motors' Motion to Dismiss for Lack of Personal Jurisdiction, transfer this action pursuant to 28 U.S.C. § 1404(a) to the U.S. District Court for the District of New Jersey, and grant such further relief as the Court deems just and proper.

Dated:  November 29, 2024                           Respectfully submitted,

                                                    **REIDENBACH & ASSOCIATES, LLC**

                                                    By: _____
                                                    Scott R. Reidenbach, Esquire
                                                    Melissa A. Anderson, Esquire
                                                    Devon Square 1

724 W. Lancaster Ave., Suite 215
Wayne, PA 19087
(t) (610) 572-7075
(f) (484) 268-1791
(e) scott@reidenbachlaw.com
(e) melissa@reidenbachlaw.com

## CERTIFICATE OF SERVICE

I, MELISSA A. ANDERSON, ESQ., counsel for Plaintiff, hereby certify that I caused a true and correct copy of the foregoing ***Plaintiff's Opposition to Defendant Corsa's Motion to Dismiss*** to be served either via First-Class Mail, postage prepaid or CM/ECF, as indicated below, upon the following:

Howard W. Donahue, Esq.
Lavin, Cedrone, Graver, Boyd & DiSipio
190 N. Independence Mall W – Ste. 500
Philadelphia, PA 19106
hdonahue@lavin-law.com
*Counsel for Defendants,*
*Westlake Services, LLC d/b/a*
*Westlake Financial Services – VIA CM/ECF*

Richard M. Pescatore, Esq.
Richard M. Pescatore, P.C.
1055 East Landis Avenue
Vineland, NJ 08360
Rpescatore@pescatorelegal.com
*Counsel for Defendant,*
*F.C. Kerbeck & Sons d/b/a*
*Lamborghini Palmyra – VIA CM/ECF*

Eileen Monaghan Ficaro, Esq.
Erik E. Sardiña, Esq.
Kaufman Dolowich, LLP
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
eficaro@kdvlaw.com
esardiña@kaufmandolowich.com
*Counsel for Defendant,*
*Corsa Motors, LLC – VIA CM/ECF*

Oleg Tyulenev
425 Neptune Avenue
Apt. 1-B
Brooklyn, NY 11224
*Pro Se Defendant – VIA FIRST CLASS MAIL*

Best Car N' Care, Inc.
3835 Pembroke Road
Hollywood, FL 33021
*Pro Se Defendant – VIA FIRST CLASS MAIL*

Dated: <u>November 29, 2024</u>

Melissa A. Anderson, Esq.